**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3217
_____

CRAIG ZUBER,
                              Appellant
                    v.

BOSCOV'S
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No.: 5:15-cv-03874)
District Judge:  Honorable Jeffrey L. Schmehl
_____

Argued March 16, 2017
_____

Before: GREENAWAY, JR., SHWARTZ, and
GREENBERG, *Circuit Judges*.

(Opinion Filed: September 11, 2017)


Manali Arora, Esq. **[ARGUED]**
Joshua S. Boyette, Esq.
Swartz Swidler, LLC

1101 Kings Highway North, Suite 402
Cherry Hill, NJ 08034

     *Counsel for Appellant*

Alexander W. Ross, Jr., Esq. **[ARGUED]**
Rakoski & Ross, P.C.
76 East Main Street
Marlton, NJ 08053

     *Counsel for Appellee*

Lawrence R. Chaban, Esq. **[ARGUED]**
Pennsylvania Association for Justice
310 Grant Street
2727 Grant Building
Pittsburgh, PA 15219

     *Counsel for Amicus Curiae*
_____

OPINION OF THE COURT
_____


GREENAWAY, JR., *Circuit Judge*.

In this appeal, we must determine whether a former employee waived his right to assert claims under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2617 ("FMLA"), and Pennsylvania common law when he signed a Compromise and Release Agreement ("C&R") to settle his workers' compensation claims. The District Court held that the former

employee had waived his claim, and granted Boscov's Motion to Dismiss. We disagree and will reverse and remand the case.

## I.    BACKGROUND

This controversy arises from the following facts alleged: Craig Zuber ("Zuber") worked as an employee of Boscov's Inc. ("Boscov's") at Fairgrounds Farmers' Market in Reading, Pennsylvania. On or about August 12, 2014, Zuber suffered an injury at work. He immediately filed a workers' compensation claim, and received work leave. Zuber returned to work on August 14, and on August 17, he requested an additional week of medical leave. The Human Resource Manager granted the request, and Zuber returned to work on August 26. On September 10, Boscov's fired Zuber, and, on April 8, 2015, Boscov's and Zuber signed a C&R before the Pennsylvania Department of Labor and Industry Workers' Compensation Office.

On July 9, 2015, Zuber sued Boscov's under the FMLA and Pennsylvania common law. He alleged that: (1) Boscov's interfered with his FMLA rights by failing to notify him of those rights and by not designating his leave as FMLA protected; (2) Boscov's retaliated against him for exercising his FMLA rights; and (3) Boscov's retaliated against him for filing a workers' compensation claim in violation of Pennsylvania common law. Boscov's moved to dismiss Zuber's complaint, arguing that he waived his FMLA and common law rights because the C&R is a general release of any claim. The District Court dismissed Zuber's complaint because of paragraph nineteen of the C&R. Its reading of that paragraph relied upon its interpretation of *Hoggard v. Catch, Inc.*, Civ. No. 12-4783, 2013 WL 3430885 (E.D. Pa. July 9,

3

2013), an unpublished district court decision. Paragraph nineteen provides as follows:

Employer and Employee intend for the herein Compromise and Release Agreement to be a full and final resolution of all aspects of the 8/12/2014 alleged work injury claim and its sequela whether known or unknown at this time. In exchange for Employer paying Employee the one-time lump sum payment as noted in paragraph number 10 of the herein Compromise and Release Agreement, Employee is forever relinquishing any and all rights to seek any and all past, present and/or future benefits, including, but not limited to, wage loss benefits, specific loss benefits, disfiguement [sic] benefits, medical benefits or any other monies of any kind including, but not limited to, interest, costs, attorney's fees and/or penalties for or in connection with the alleged 8/12/2015 [sic] work injury claim as well as any other work injury claim(s) Employee may have with or against Employer up through and including 4/7/2015. Employee understands that if this Compromise and Release Agreement is approved by the Workers' Compensation Judge, the 8/12/2014 claim is closed forever and can never be reopened in the future even if the alleged work injuries would worsen. Employee and Employer waive all rights under the Pennsylvania Workers' Compensation Act to appeal the Final Decision and/or Order of the WCJ approving this Agreement.

4

App. 31. The District Court rejected Zuber's Motion for Reconsideration, and Zuber filed a timely Notice of Appeal.

## II. JURISDICTION

The District Court had subject matter jurisdiction over Zuber's federal FMLA claims pursuant to 28 U.S.C. § 1331. It had supplemental jurisdiction over his state law claim pursuant to 28 U.S.C. § 1367. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## III. STANDARD OF REVIEW

We employ a plenary standard when reviewing a district court's dismissal under Fed. R. Civ. P. 12(b)(6). *Fowler v. UPMC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009). We take all of Zuber's factual allegations and their reasonable inferences as true. *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. ANALYSIS

In order to determine whether Zuber waived his FMLA and common law claims, we must first address what law controls before discussing the C&R and its scope more

5

specifically.  After doing so, we find that Zuber did not waive his FMLA and common law claims.

## A.    Pennsylvania Law

The District Court dismissed Zuber's claims due to its interpretation of the C&R's scope.  This is a matter of contract law, not constitutional or statutory interpretation.  *See Mazzella v. Koken*, 739 A.2d 531, 536 (Pa. 1999) ("The enforceability of settlement agreements is governed by principles of contract law.").  "[T]he interpretation of a contract is ordinarily a matter of state law . . . ."  *DIRECTV, Inc. v. Imburgia*, 136 S. Ct. 463, 468 (2015).  As the parties agree, Pennsylvania contract law applies.

"A long line of Pennsylvania cases has held that a release covers only those matters which may be fairly said to have been within the contemplation of the parties when the release was given."  *Restifo v. McDonald*, 230 A.2d 199, 201 (Pa. 1967).  "When the terms of a contract are clear and unambiguous, the intent of the parties is to be ascertained from the document itself."  *Kripp v. Kripp*, 849 A.2d 1159, 1163 (Pa. 2004). "When, however, an ambiguity exists, parol evidence is admissible to explain or clarify or resolve the ambiguity, irrespective of whether the ambiguity is patent, created by the language of the instrument, or latent, created by extrinsic or collateral circumstances."  *Id*.

Accordingly, we review the C&R, and, if ambiguous, proceed to examine its background.  In light of the C&R's ordinary meaning and structure, we find that Zuber's FMLA and common law claims cannot "be fairly said to have been within the contemplation of the parties when the release was

6

given." *Restifo*, 230 A.2d at 201. Because the document is unambiguous, we need not review any parol evidence.

**B.     The Ordinary Meaning of the C&R**

The ordinary meaning of the C&R's language suggests that the parties did not intend the C&R to cover the FMLA or common law claims. This conclusion rests on our interpretation of two sentences in the C&R's nineteenth paragraph. We address each in turn.

First, we discuss the first sentence of the nineteenth paragraph. That sentence provides as follows: "Employer and Employee intend for the herein Compromise and Release Agreement to be a full and final resolution of all aspects of the 8/12/2014 alleged work injury claim and its sequela whether known or unknown at this time." App. 31, ¶ 19.

"[I]ts" refers to "work injury claim." Sequela, a singular noun, means a "suit." Black's Law Dictionary (10th ed. 2014).[1] As a result, the sentence only prohibits Zuber from

---

[1] Sequela also has a medical definition, meaning "the aftereffect of disease or injury." *Merriam-Webster's Collegiate Dictionary* 1065 (10th ed. 2002); *see also Stedman's Medical Dictionary* 1752 (28th ed. 2006) (defining sequela as "[a] condition following as a consequence of a disease"). Using this definition of sequela, the C&R prevents Zuber from collecting any additional compensation associated with future medical complications from his injury but it would not preclude recovery from the FMLA and common law claims at issue in this case.

bringing an additional "work injury claim" suit. Here, Zuber seeks to bring a suit against Boscov's for failing to notify him of his FMLA rights, for not designating his leave as FMLA protected, and for firing him for exercising his FMLA rights and workers' compensation claim. Zuber is not bringing an additional "work injury claim," such as a workers' compensation claim or a tort. Therefore, the C&R does not prohibit his claims.

Boscov's implies that sequela is a noun that means suit or claim. Appellee's Br. 18. It disagrees, however, with our conclusion that sequela is a singular noun, and argues that sequela means "all claims arising out of the injury."[2] Appellee's Br. 18. This interpretation of sequela finds no support in law. We find it unconvincing and reject it.

Second, we address the plain meaning of the second sentence of paragraph nineteen. That sentence provides as follows:

> In exchange for Employer paying Employee the one-time lump sum payment as noted in paragraph number 10 of the herein Compromise and Release Agreement, Employee is forever relinquishing any and all rights to seek any and all past, present and/or future benefits, **including, but not limited to, wage loss**

---

[2] At oral argument, Boscov's counsel went so far as to argue that the C&R's language is broad enough to preclude all claims that touch upon the injury, even those that do not relate to workers' compensation, and were unknown at the time the parties signed the C&R.

> **benefits, specific loss benefits, disfiguement** [sic] **benefits, medical benefits** or any other monies of any kind including, **but not limited to, interest, costs, attorney's fees** and/or penalties for or in connection with the alleged 8/12/2015 [sic] work injury claim as well as any other work injury claim(s) Employee may have with or against Employer up through and including 4/7/2015.

App. 31, ¶ 19 (emphasis added).

The clauses bolded in the block quotation above define "benefits" and "monies of any kind." The phrase "in connection with the alleged 8/12/2015 [sic] work injury claim as well as any other work injury claim(s)" *limits* those "benefits" and "monies" to "work injury claims." As a result, we read the C&R as only preventing Zuber from seeking benefits and monies from a work injury claim. Here, Zuber seeks benefits and monies from FMLA and common law claims. As a result, the C&R does not cover his claims.[3]

## C. The Structure of the C&R

The entire structure of the C&R also suggests that the parties did not intend the C&R to cover FMLA or common law

---

[3] An alternative reading would have to assume that "for or in connection with the alleged 8/12/2015 [sic] work injury claim" only modified "penalties" because it appears immediately before the final clause. The C&R does not treat benefits, monies, and penalties differently in any other place. As a result, we do not adopt this alternative reading.

9

claims. Paragraph sixteen, which details the C&R's purpose, and the employee certification support this conclusion.

Paragraph sixteen defines the C&R's purpose as follows:

> The issues involved in this claim is [sic] the nature and extent of the alleged **work injuries, disability and need for medical treatment** as well as the overall compensability of the claim. The parties are entering into the herein Compromise and Release Agreement to amicably resolve **these issues** and to avoid the costs and risks associated with any litigated matter.

App. 31, ¶ 16 (emphasis added). In light of this language, we read the C&R's purpose as resolving the "work injuries, disability and need for medical treatment." *Id.* As a result, we find that neither party intended to release claims that emanate from a lack of notice, a failure to properly designate leave, and acts of retaliation, such as Zuber's FMLA and common law claims.

The employee certification reinforces this interpretation. In that section of the C&R, Zuber confirmed that "[u]nless specifically stated in [the C&R], [he] understand[s] that [the C&R] is a compromise and release of a workers' compensation claim . . . ." App. 32, ¶ 5. The employee certification thus bolsters the holding that the C&R only covers workers' compensation claims. As a result, Zuber would not have read paragraph nineteen's language to cover non-workers' compensation claims.

Because of the C&R's ordinary meaning and structure, we hold that the C&R is unambiguously a specific and limited release rather than a general release. When Zuber signed the C&R, he merely released his right to bring a future workers' compensation claim against Boscov's. Consequently, it does not prohibit Zuber from bringing FMLA or Pennsylvania common law claims against Boscov's.

## V.      CONCLUSION

For the foregoing reasons, we will reverse the District Court's orders granting Boscov's Motion to Dismiss and denying Zuber's Motion for Reconsideration. We will remand for further proceedings consistent with this opinion.

11