NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1470
_____

ROBERT W. MAUTHE M.D., P.C.,
a Pennsylvania Corporation, Individually and as the
Representative of a Class of Similarly-Situated Persons,

Appellant

v.

SPREEMO, INC.;
THE HARTFORD FINANCIAL SERVICES GROUP
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 5-18-cv-01902)
District Judge:  Honorable Chad F. Kenney
_____

Submitted under Third Circuit L.A.R. 34.1(a)
March 24, 2020

BEFORE: JORDAN, RESTREPO and GREENBERG, Circuit Judges.

(Filed:  March 25,2020)
_____

OPINION*
_____

_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

GREENBERG, <u>Circuit</u> <u>Judge</u>.

## I.    INTRODUCTION

This matter comes on before this Court on the appeal of Plaintiff-Appellant Robert W. Mauthe, M.D., P.C. ("Mauthe"), challenging the District Court's order of January 28, 2019, under Fed. R. Civ. P. 12(b)(6) dismissing its case under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), against defendants Hartford Financial Services Group, Inc., a health insurance provider, and Spreemo Inc., a medical diagnostic services vendor, for their allegedly illegal transmission of an unsolicited fax to Mauthe. <u>Mauthe v. Spreemo</u>, No. 18-1902, 2019 WL 342715 (E.D. Pa. Jan 28, 2019).  On March 28, 2019, two months after the District Court dismissed this case, we issued a precedential opinion construing the TCPA that is controlling here.  <u>Mauthe v. Optum, tInc.</u>, 925 F.3d 129 (3d Cir. 2019).  For the reasons stated below, we will reverse the order of dismissal and remand the case to the District Court for further proceedings.

## II.    FACTUAL BACKGROUND

The relevant document that we consider in this case, as was also true in <u>Optum</u>, is the fax itself—a single page that defendants sent to plaintiff by fax.  The fax recited "that Spreemo is the 'Primary Diagnostic Vendor' for Hartford."  <u>Spreemo</u>, 2019 WL 342715, at *2.  We need not go beyond considering the fax in deciding this case so we do not set forth the facts of the case at length.

### III.    STANDARD OF REVIEW

We review <u>de novo</u> a district court's dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  <u>Geness v. Cox</u>, 902 F.3d 344, 353-54 (3d Cir. 2018).  In determining whether a plaintiff has stated a claim under Rule 12(b)(6), "we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff.  However, we disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements."  <u>City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.</u>, 908 F.3d 872, 878-79 (3d Cir. 2018) (internal quotations and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Zuber v. Boscov's</u>, 871 F.3d 255, 258 (3d Cir. 2017) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009)).

### IV.    DISCUSSION[1]

---

[1] Defendants move to dismiss this appeal for lack of appellate jurisdiction, contending that Mauthe did not file a timely notice of appeal.  The initial notice of appeal, which the parties agree that Mauthe timely filed on the last day to appeal, listed "Robert W. Mauthe" as the appellant.  Mauthe then filed an amended notice the next day properly naming "Robert W. Mauthe, M.D., P.C." as the appellant.  As Robert W. Mauthe, the individual, was never a party to this lawsuit, defendants argue that the initial timely notice of appeal was defective and invalid, and the the untimely amended notice of appeal did not confer appellate jurisdiction on this Court.  We will deny the motion to dismiss for lack of jurisdiction because the initial notice of appeal listing "Robert W. Mauthe" as the appellant unquestionably provided defendants with the necessary notice required by Rule 3(c) of the Federal Rules of Appellate Procedure, given that Robert W. Mauthe, M.D., P.C. was the only named plaintiff in this lawsuit.  <u>See</u> <u>In re Continental</u>

The TCPA makes it "unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement[.]"  47 U.S.C. § 227(b)(1)(C).  The TCPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise."  Id. § 227(a)(5).  As we held in Optum, "to be an ad, the fax must promote goods or services to be bought or sold, and it should have profit as an aim."  925 F.3d at 133.  "[T]here must be a nexus between the fax and the purchasing decisions of an ultimate purchaser."  Id.

We also held in Optum that the offending fax need not be sent to a direct purchaser.  "An example of a possible TCPA violation by the sending of a fax to an entity other than a possible direct purchaser of the sender's product or services is a fax sent to a doctor encouraging the doctor to prescribe a particular drug to the doctor's patients who, rather than the doctor, are the likely purchasers of the sender's product."  Id.  To establish such third-party based liability under the TCPA, we held "a plaintiff must show that the fax: (1) sought to promote or enhance the quality or quantity of a product or services being sold commercially; (2) was reasonably calculated to increase the profits of the

Airlines, 125 F.3d 120, 129 (3d Cir. 1997) ("[M]ere technicalities should not stand in the way of consideration of a case on its merits." (quoting Torres v. Oakland Scavenger Co., 487 U.S. 312, 316, 108 S.Ct. 2405, 2408 (1988)).

sender; and (3) directly or indirectly encouraged the recipient to influence the purchasing decisions of a third party." Id.

With the above principles in mind, we conclude that the District Court erred in dismissing the case. Because the Court did not have the benefit of our decision in Optum when it decided this case, it could not have known about the theory of third-party based liability that we explained in Optum. All three elements for third-party based liability are met in this case, at least as alleged and judged at the pleading stage. As was the case in Optum, and likely the vast majority of third-party based liability cases, it should be reasonably obvious that the fax met the first two elements—it was sent to promote the availability of services, and was done with a profit motive.[2] The deciding factor, therefore, is whether the fax was sent to encourage Mauthe to influence the purchasing decisions of a third party. Construing the pleading in the light most favorable to the plaintiff, it has sufficiently pled a third-party based liability claim.

We see very little distinction between this case and the doctor-patient example we articulated in Optum; indeed, the fax here was sent to a medical doctor. The District Court found that the fax was sent merely for informational purposes, Spreemo, 2019 WL 342715, at *2, but at the pleading stage it is plausible that the fax was sent to encourage a

---

[2] Defendants argue that the first two elements were not met because there was no allegation that either Spreemo or Hartford charges a fee to anyone who schedules a test through Spreemo. Their observation does not change our result as Spreemo undoubtedly charges Hartford a fee for its services, so it stands to benefit anytime a doctor utilizes its services on behalf of a patient insured by Hartford.

doctor to send patients to Spreemo whenever diagnostic testing is prescribed.[3]  Nothing in the fax informed or suggested to the recipient that it <u>must</u> direct patients covered by Hartford to Spreemo for diagnostic testing, so the choice remained with the doctor as to whom to send patients for testing, and the fax can be considered as an attempt to influence that choice, with the patients being the ultimate purchasers of the diagnostic services.[4]

At the pleading stage, Mauthe merely needs to plead the plausible.  <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556, 127 S.Ct. 1955, 1965 (2007).  Accordingly, we will reverse the District Court's January 28, 2019 order dismissing the case, and will remand the matter for further proceedings.  In rendering this decision, we express no opinion as to the viability of Mauthe's class action claims.

---

[3] By way of example, suppose a soft drink manufacturer sends a fax to all athletic teams in a league informing them that its product is the official soft drink of the league.  There can be very little doubt that such fax is an advertisement to encourage the teams to purchase the manufacturer's product.

[4] We reject defendants' argument that the fax did not violate the TCPA because Hartford, not the patients, is the ultimate purchaser of Spreemo's services.  If we accept defendants' argument, then the doctor-patient example in <u>Optum</u> would be invalid, as most drugs prescribed by doctors are also "paid for" by insurance companies.  Furthermore, when Hartford pays for the services it is acting on behalf of the patients who utilize the services.